James L. BOULER, Specialist Six, U. S. Army, Petitioner,

v.

Robert L. WOOD, Colonel U. S. Army, Military Judge, Third Circuit, U. S. Army Court-Martial, Fort Riley, Kansas, Respondent.

Miscellaneous Docket No. 75–16.

U. S. Court of Military Appeals.

Oct. 10, 1975.

*Captain Joseph M. Burton* argued the cause for Petitioner. With him on the brief were *Colonel Alton H. Harvey, Lieutenant Colonel James Kucera, Captain Robert C. Mueller,* and *Captain Brett L. Grayson.*

*Lieutenant Colonel Donald W. Hansen* argued the cause for Respondent, United States. With him on the brief was *Major Steven M. Werner.*

OPINION OF THE COURT

FLETCHER, Chief Judge:

Petitioner appears before this Court asking that we grant him extraordinary relief in the nature of a writ of mandamus directing the trial judge, Robert L. Wood, to

order the petitioner's release from pretrial confinement.

Petitioner was placed in pretrial confinement on April 16, 1975, after he allegedly made three unlawful sales of marihuana. The decision to order pretrial confinement was made by one of the petitioner's commanding officers and approved by others. Thereafter, charges were preferred and an Article 32 investigation[1] was held. At the request of the petitioner, Judge Wood called an Article 39(a) session[2] to inquire into the legality of the petitioner's pretrial confinement. At the time, the charges had not been referred to a court-martial.

At the conclusion of the Article 39(a) session, the judge found that there were no sufficient grounds for pretrial confinement and that the petitioner should be released immediately. However, he refused to issue an order requiring immediate release because he did not believe he had the authority to enforce such an order. He did recommend that the petitioner petition a higher court asking for a writ of mandamus which would order him to order the petitioner's release or to take other appropriate action. Petitioner then came to this Court with a petition for extraordinary relief.

On May 1, 1975, 5 days after the judge's decision, the petitioner was released from pretrial confinement. On July 14, the petitioner was tried by general court-martial, convicted of three specifications of selling marihuana,[3] and sentenced.

In view of the petitioner's release from pretrial confinement shortly after the trial judge made his finding that pretrial confinement was not justified, it is entirely possible, if not likely, that the releasing authority acceded to the findings of the military judge. Because of the petitioner's release under these circumstances, we find it unnecessary to resolve the many issues raised in his petition for extraordinary relief and in respondent's reply thereto.

We cannot dispose of this matter, however, without commending the trial judge, Judge Wood, for exercising his authority as a judge in a heretofore unexplored area of military law. His concern and foresight, recognizing the necessity for the judicial process while at the same time the possible limits to the exercise of his powers, can only serve as a model for other judges.[4] The United States Supreme Court has recently made clear that the judiciary can no longer stand idly by where individuals are incarcerated without a hearing prior to trial. *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). *See also DeChamplain v. Lovelace*, 510 F.2d 419 (8th Cir. 1975), *judgment vacated as moot*, 421 U.S. 996, 95 S.Ct. 2392, 44 L.Ed.2d 664 (June 3, 1975).

We must also commend those responsible for the petitioner's release for their apparent action in acceding to the findings of the trial judge and, thus, also recognizing that the judicial process must be involved in the pretrial confinement process.

Petitioner's petition for extraordinary relief is denied.

Senior Judge FERGUSON concurs.

COOK, Judge (concurring in result):

I concur in the result. *See* my dissenting opinions to the orders of the Court in *Porter v. Richardson*, Miscellaneous Docket No. 75–38 (Sept. 8, 1975) and *Phillippy v. McLucas*, Miscellaneous Docket No. 75–36 (Sept. 8, 1975).

---

1. Article 32, Uniform Code of Military Justice, 10 U.S.C. § 832.

2. Article 39(a), UCMJ, 10 U.S.C. § 839(a).

3. Article 92, UCMJ, 10 U.S.C. § 892.

4. *See* the discussion of the evolutionary process that has occurred in expanding the role of the trial judge in Stevenson, *The Inherent Authority of the Military Judge*, 17 AFL Rev. 1 (1975).